IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| MICHAEL O. LEAVITT, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER**

Pursuant to Fed. R. Civ. P. 12, defendants in the above-captioned action respectfully answer Plaintiff's Complaint as follows:

**First Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Second Defense**

Defendants answer the paragraphs in plaintiff's complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. This paragraph contains plaintiff's characterization of its complaint and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

5. This paragraph contains plaintiff's characterization of its complaint and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer

may be deemed to be required, each and every allegation is denied, except it is admitted that the action arises under Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 1395 et seq., and that jurisdiction lies under 42 U.S.C. § 1395oo(f).

6. This paragraph contains plaintiff's characterization of its complaint and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied, except it is admitted that jurisdiction lies under 42 U.S.C. § 1395oo(f).

7. Admitted.

8. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

9. Admitted.

10. The first sentence of this paragraph is admitted. The second sentence contains plaintiff' characterization of a statute and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied, except it is admitted that carriers sometimes make payments to physicians and intermediaries sometimes make payments to hospitals.

11. This paragraph contains plaintiff's characterizations of statutes and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, defendants respectfully refer this Court to the referenced statutes for a complete statement of their contents. Defendants deny that a single prospective payment system applies to inpatient hospital services, outpatient department services, and other kinds of medical services.

12. Admitted, except it is denied that intermediaries always conduct audits of cost reports.

13. This paragraph contains plaintiff's characterizations of statutes and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer is deemed to be required, each and every allegation is denied, except it is admitted that Medicare reimburses hospitals for direct costs of graduate medical education and for indirect costs of graduate medical education, and that the indirect costs of medical education are intended to reimburse hospitals for increases in the cost of patient care presumed to be indirectly caused by graduate medical education.

14. This paragraph contains plaintiff's characterizations of statutes and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer is deemed to be required, each and every allegation is denied.

15. This paragraph contains plaintiff's characterization of its complaint and not averments of fact to which answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

16. This paragraph contains plaintiff's characterizations of a regulation and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

17. This paragraph contains plaintiff's characterizations of a regulation and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, the paragraph is admitted.

18. This paragraph contains plaintiff's characterizations of statutes and regulations and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, the paragraph is denied.

19. This paragraph contains plaintiff's characterizations of statutes and regulations and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, the paragraph is denied.

20. This paragraph contains plaintiff's characterizations of statutes and regulations and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied, except it is admitted that a hearing may be held by the Provider Reimbursement Review Board ("the Board") in certain circumstances. The second sentence is admitted. The third sentence contains plaintiff's characterization of a regulation and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

21. This paragraph contains plaintiff's characterizations of a statute and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, the paragraph is admitted.

22. The first two sentences of this paragraph are admitted. Each and every allegation in the third sentence is denied.

23. The first sentence of this paragraph is admitted. Each and every allegation in the second sentence is denied, except it is admitted that the intermediary excluded from the Full Time Equivalent ("FTE") count time spent in research activities that was not related to patient care.

24. The first sentence of this paragraph contains plaintiff's characterizations of the legal reasoning of the intermediary and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied, except it is admitted that the 2001 rulemaking clarified the longstanding interpretation of the Secretary of Health and Human Services concerning the meaning of 42 C.F.R. § 412.105. The second sentence is admitted.

25. The first and second sentences of this paragraph are admitted. The third sentence contains plaintiff's characterizations of its appeal and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied. The fourth sentence is admitted.

26. This paragraph contains plaintiff's characterizations of a decision of the Provider Reimbursement Review Board and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, it is admitted that the Board ruled in favor of plaintiff after an in-person hearing held on December 17, 2004, and defendants respectfully refer the Court to the Board's decision, the contents of which speak for themselves.

27. Each and every allegation in the first sentence of this paragraph is denied, except it is admitted that the Administrator of the Centers for Medicare & Medicaid Services ("CMS") reversed the Board's decision. The second and third sentences are admitted.

28. This paragraph contains plaintiff's characterization of a letter and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied, except it is admitted that the referenced letter was sent. The contents of the letter speak for themselves.

29. This paragraph contains plaintiff's characterization of its complaint and conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied, except it is admitted that plaintiff has exhausted its administrative remedies and that jurisdiction exists under 42 U.S.C. § 1395oo(f).

30. Defendants admit or deny the averments in this paragraph to the extent stated above.

31. Defendants lack sufficient knowledge to form a belief as to the truth of the averments in the first sentence of this paragraph. Each and every allegation in the remainder of the paragraph is denied.

32. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

33. Defendants admit or deny or lack sufficient knowledge to form a belief as to the truth of the averments in this paragraph to the extent stated above.

34. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

35. The first sentence contains plaintiff's characterization of a decision of the CMS Administrator and no averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, defendants respectfully refer the Court to the referenced decision, the contents of which speak for themselves. The second sentence contains plaintiff's characterization of a decision of the Board and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every

allegation is denied. Defendants respectfully refer the Court to the Board's decision, the contents of which speak for themselves. The third sentence of this paragraph contains conclusions of law and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

There follow five lettered paragraphs describing plaintiff's prayer for relief and not averments of fact to which an answer is required, but to the extent that an answer may be deemed to be required, each and every allegation is denied.

To the extent that any allegation in plaintiff's complaint has not otherwise been admitted as set forth above, each and every allegation is denied.

WHEREFORE, having fully answered, defendants respectfully request that this Court:

1. Dismiss the complaint;
2. Enter judgment in their favor;
3. Award defendants attorney fees; and
4. Award defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

OF COUNSEL:
PAULA M. STANNARD
Acting General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate
General Counsel for Litigation

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

CLIFFORD PIERCE
H. ANTONY LIM
Attorneys, U.S. Department
of Health and Human Services

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 5, 2006, I served plaintiff with the foregoing document by causing copies thereof to be sent electronically, pursuant to the written agreement of the parties, to plaintiff's counsel of record at the following electronic addresses:

medwards@haslaw.com;

lvernaglia@haslaw.com; and

rflanders@haslaw.com

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov