IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| MICHAEL O. LEAVITT, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Pursuant to Fed. R. Civ. P. 56(b), and Rule 56(a) of this Court, defendants in the above-captioned action respectfully submit the following statement of material facts as to which they contend there is no genuine issue:

1. Plaintiff is a teaching hospital that trains interns and residents. Complaint at ¶ 22.

2. The record of proceedings before the agency is contained in the Administrative Record ("A.R.") filed in this case on April 7, 2006.

3. In its Medicare cost report for the 1996 fiscal year, the hospital divided the time worked by these student doctors into various "service areas." A.R. at 10; see id. at 512-983. One service area was designated as "Research." Id. at 10. The other areas – such as intensive care and medical/surgical – were devoted to patient care. Id.

4. The government contractor that processed plaintiff's cost report excluded the research area from the full-time equivalent ("FTE") count that is used to determine the amount of the hospitals' payment for indirect medical education costs. The exclusion reduces the count by a factor of 12.6 FTE residents. A.R. at 2 n.1.

5. Plaintiff appealed to the Provider Reimbursement Review Board ("PRRB" or "Board"), challenging the contractor's payment determination. In this appeal, plaintiff took the position that "the statutes and regulations in effect in 1996" did not exclude any "research time" from the FTE count. A.R. at 95. In the alternative, the hospital contended that more than half of the excluded time – 7.49 FTE residents – should be restored on the ground that "this time was associated with the treatment or diagnosis of particular patients." Id. at 96 (emphasis added).

6. The PRRB agreed with plaintiffs; first argument and did not rule on the second. A.R. at 31-36

7. The Deputy Administrator for the Centers of Medicare & Medicaid Services ("CMS") then exercised her discretion to review the Board's decision on behalf of the Secretary. Plaintiff asked her to uphold the decision or, in the alternative, to "make a determination" that "the evidence presented . . . in the record" established that most of the time designated by the hospital as "research" was sufficiently associated with the care of particular patients to be includable under the intermediary's theory of the claim. A.R. at 17.

8. The Deputy Administrator reversed the Board, A.R. at 2-12, holding that the intermediary properly excluded scholarly research time from the FTE count. Id. at 4-10. She also found that the hospital had failed to document that any research in which student doctors were engaged was "related to patient care." Id. at 10. All 12.6 FTE residents were found to have been properly excluded from plaintiffs' FTE count for the 1996 cost-reporting period. Id. at 2-12.

9. The evidence submitted by plaintiff in the administrative record does not contain any contemporaneous documentation of time spent by interns or residents conducting research for the purpose of diagnosing and treating particular patients, as opposed to the purpose of conducting

scholarly research that may or may not have involved patients as subjects. A.R. 1-3129; see A.R. at 10-11, 56-68.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

/s/
PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov
Attorneys for Defendants

OF COUNSEL:
DANIEL MERON
General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate
General Counsel for Litigation

CLIFFORD PIERCE
Attorney
U.S. Department
of Health and Human Services

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 10, 2006, I filed the foregoing document electronically with the ECF system where it is available for viewing and downloading; and caused it to be served on all counsel of record for plaintiffs, as follows: by the ECF system to registered participants Mitchell Edwards, Esq. and Robert Flanders, Esq., and pursuant to the prior written agreement of the parties, to Lawrence Vernaglia, Esq. by electronic mail addressed to lvernaglia@haslaw.com.

/s/

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov