**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, *et al.*,<br><br>Defendants. | ) | Civ. Action No. 06-05 ET |

**PLAINTIFF'S MOTION TO STRIKE EXHIBIT A ATTACHED TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff hereby moves to strike Exhibit A to the Defendant's Motion for Summary Judgment. Exhibit A is not part of the administrative record that is the subject of the Plaintiff's appeal to this Court.

In support of this Motion, Plaintiff relies upon the accompanying Memorandum of Law.

Plaintiff respectfully requests that this Court grant its motion to strike.

RHODE ISLAND HOSPITAL

By its counsel,

/s/Mitchell R. Edwards
Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)
rflanders@haslaw.com
medwards@haslaw.com

Lawrence W. Vernaglia (admitted *pro hac*)
Foley & Lardner LLP
111 Huntington Ave.
Boston, MA 02199
(617) 342-4079
(617) 342-4001 (facsimile)
lvernaglia@foley.com

Dated: December 27, 2006

**CERTIFICATION**

I hereby certify that on December 27, 2006 a copy of the foregoing Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Mitchell R. Edwards

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| MICHAEL O. LEAVITT, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**

## I. INTRODUCTION

Plaintiff Rhode Island Hospital ("RIH") submits this memorandum in support of its motion to strike Exhibit A to defendants' motion for summary judgment. Exhibit A to defendants' motion for summary judgment purportedly constitutes the Centers for Medicare & Medicaid Services' ("CMS") audit instructions for hospital and skilled nursing facilities with respect to graduate medical education ("GME") and indirect medical education ("IME"). But Exhibit A is not part of the administrative record that is the subject of RIH's appeal to this Court. In fact, defendants have submitted Exhibit A presumably to contradict the only evidence in the administrative record regarding cost reporting instructions with respect to the calculation of the GME and IME payment adjustments. According to the testimony of the government's only witness during the administrative hearing before the Provider Reimbursement Review Board ("PRRB"), he was not aware of any cost reporting instructions. The government failed to produce this

document at any time during the underlying proceedings and has provided no reason whatsoever for its failure to do so. Thus, the Court should strike Exhibit A from the defendants' motion for summary judgment.

## II. BACKGROUND

This case involves a dispute over Medicare payments due to RIH. The issue is whether the CMS properly excluded certain time spent by residents and interns (collectively "residents") in scholarly activities, including research, from the IME payment adjustment that RIH received from Medicare for fiscal year 1996.

The PRRB held an in-person hearing on December 17, 2004, at which time it listened to testimony and admitted exhibits into the record. The government did not offer Exhibit A during this hearing. To the contrary, the government's only witness at the PRRB hearing, Stephen Brennan, testified that he was not sure if there were any cost reporting instructions that directed providers to report their research time separately from any other time that residents undertake for purposes of computing a hospital's full-time equivalent resident count for purposes of determining the IME adjustment. See Administrative Record ("A.R.") at 233. Mr. Brennan also testified that did not believe there were any cost reporting instructions that might ask providers to disclose information about specific patients to track resident research time. See A.R. at 233. Mr. Brennan further testified that the government relied on the cost reimbursement regulations and principles of reimbursement when disallowing the FTEs. See A.R. at 236. He did not mention any specific audit guidelines.

Furthermore, the government had numerous opportunities to introduce Exhibit A into the record before the PRRB. The CMS Administrator also failed to make any

reference to Exhibit A when it reviewed and then reversed the PRRB's decision. Here, the court should not permit the government to rely upon a document in moving for summary judgment that is not contained in the administrative record.

Finally, for all the reasons set forth in RIH's memorandum of law in support of its motion for summary judgment, which is incorporated herein by reference, Exhibit A is *ultra vires* and contrary to the enabling statue (42 U.S.C. § 1395 et seq.) and regulations (42 C.F.R. § 412.105) at issue here.

## III. ARGUMENT

### THE COURT SHOULD STRIKE EXHIBIT A FROM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

The "focal point of judicial review under the [Administrative Procedures Act] is the administrative record already in existence and not a new record made by the reviewing court." Harvard Pilgrim Health Care of New England v. Thompson, et al., 318 F.Supp.2d 1, 8 (D.R.I. 2004) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)).

> It is inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency. . . . This requirement that federal courts base their review solely on the administrative record serves to limit the courts to their proper role. Reviewing courts are to determine whether an agency's action was arbitrary or capricious in light of the information the agency confronted. . . . Limiting a district court's review to the administrative record reflects policies of fairness, orderly procedure, and competence, which are similar to those underlying the doctrine of exhaustion of administrative remedies.

Id. (internal citations omitted). "To review more than the information before the Secretary at the time [of the] . . . decision risks our requiring administrators to be prescient or allowing them to take advantage of post hoc rationalizations." Frontier Fishing Corp. v. Evans, 429 F.Supp.2d 316, 324 (D. Mass 2006).



#768902-P-v1

Counsel for the defendants has advised counsel for RIH that it submitted Exhibit A with its motion for summary judgment to help explain the CMS Administrator's decision to the Court. Under some circumstances, a court may "consider evidence outside the original agency record 'to explain an unclear or technical record.'" Strahan v. Linnon, 966 F.Supp. 111, 114 (D. Mass. 1997) (citing Valley Citizens for a Safe Environment v. Aldridge, 886 F.2d 458, 460 (1st Cir. 1989) ("a reviewing court might want additional testimony by experts, simply to help it understand the matters in the agency record")).

Here, Exhibit A will not assist the Court in "explaining" the CMS Administrator's decision or any "technical" portion of the record. There is nothing ambiguous or unclear about the Administrator's decision. The CMS Administrator could have relied upon Exhibit A in its decision but it did not do so. There is also nothing so technical about the Administrator's decision or the underlying record that would compel the Court to go outside the administrative record.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant plaintiff's motion to strike.[1]

[1] The defendants have failed to file a motion to supplement the record, which is the appropriate method by which to have the court consider Exhibit A as opposed to simply filing it with their motion for summary judgment.

RHODE ISLAND HOSPITAL

By its counsel,

/s/Mitchell R. Edwards
Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)
rflanders@haslaw.com
medwards@haslaw.com

Lawrence W. Vernaglia (admitted *pro hac*)
Foley & Lardner LLP
111 Huntington Ave.
Boston, MA 02199
(617) 342-4079
(617) 342-4001 (facsimile)
lvernaglia@foley.com

Dated: December 27, 2006

**CERTIFICATION**

I hereby certify that on December 27, 2006 a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Mitchell R. Edwards