**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| | ) | |
| MICHAEL O. LEAVITT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule of Civil Procedure 56, Plaintiff Rhode Island Hospital ("RIH") submits the following response to the numbered paragraphs in the Defendants' Statement of Undisputed Facts:

1. The Defendants' statement is undisputed, except to the extent that the statement does not recognize the fact that RIH's graduate medical education programs are "approved programs" pursuant to 42 C.F.R. § 412.105(f)(1)(i) (1996). Administrative Record ("A.R.") at ¶ 63-164.

2. Undisputed.

3. The Defendants' characterization of RIH's rotation schedules is both inaccurate and immaterial. With respect to the 12.06 FTEs, the cost report submitted by RIH for fiscal year 1996 only reported on those resident activities that were performed in a PPS unit or an outpatient department as required by the cost reporting regulations. *See* 42 C.F.R. § 412.105(f)(2) (1996). RIH maintained documentation in the form of rotation schedules to track the residents' training activities for purposes of IME reimbursement. A.R. at 200-202. The rotation schedule used by RIH identified both the location of the assignment (*e.g.*, RIH or another hospital participating in the residency program, such as the Veterans Administration hospital) and the type of activity (*e.g.*, medical/surgical, psychiatry, etc.). A.R. at 1348-52. The rotation schedule included the resident's name, the location, and the type of rotation. *See e.g.,* Medicine/General Internal Medicine Rotation Schedule. A.R. at 1348-52. None of the rotation schedules even used the term "service area" and this term was not mentioned during the in-person Provider Reimbursement Review Board hearing. The purpose of identifying the specific activity (*e.g.*, medical/surgical) was not based on location or "service area" but rather was to track the type of activity performed. A.R. at 200-202. The Defendants' characterization of the rotation schedule

is not representative of the rotation schedules used by RIH. Moreover, the Defendants' characterization of the rotation schedule is immaterial to the legal question presented by this case as there was no requirement to include the nature of the residents' activities on such schedules. *See* 42 C.F.R. § 412.105(f)(2) (1996). With respect to the 12.06 FTEs, RIH's rotation schedule demonstrated that a resident was properly assigned to either the prospective payment system portion of RIH or to an outpatient department of the hospital as required by the applicable regulation. *Id.*

4. The first sentence of this paragraph is disputed because the Defendants' characterization of the fiscal intermediary's exclusion of the "research area" from RIH's full-time equivalent ("FTE") resident count is inaccurate. As discussed in paragraph 3 above, RIH's rotation schedule did not use "service area" to identify residents' research and scholarly activities. RIH sought to include in its FTE count for the purposes of IME reimbursement all of the residents' time, including the time the residents spent in their required scholarly activities. Complaint and Answer ¶ 23. RIH's fiscal intermediary excluded the FTEs from the hospital's resident count on the ground that research time could not be included in the IME payment adjustment. A.R. at 236-37, 243-44, and 2079-2080. The second sentence of this paragraph is undisputed except that the exclusion reduced RIH's FTE count by a factor of 12.06 residents. Complaint and Answer ¶ 24.

5. – 8. Undisputed.

9. The Defendants' characterization of the record evidence is inaccurate. The administrative record shows that RIH demonstrated that 7.49 FTE residents were engaged in research activities directly related patient care. A.R. at 2002 - 2701. RIH submitted written statements from the residency Program Directors and also conducted multiple interviews by an

outside consulting firm with the participation of the fiscal intermediary. A.R. at 2097-98; 2170-71; 2193-94; 2253; 2278-2279; 2348-2349; 2372-2373; 2436-2437; 2515-2516; 2593-2594; 2605-2606; 2633-2635; and 2659-2660. This evidence demonstrates that 7.49 FTEs of research time was directly related to patient care.

Respectfully submitted,

RHODE ISLAND HOSPITAL

By its counsel,

/s/Mitchell R. Edwards
Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)
rflanders@haslaw.com
medwards@haslaw.com

Lawrence W. Vernaglia (admitted *pro hac*)
Foley & Lardner LLP
111 Huntington Ave.
Boston, MA 02199
(617) 342-4079
(617) 342-4001 (facsimile)
lvernaglia@foley.com

Dated: December 27, 2006

# CERTIFICATION

I hereby certify that on December 27, 2006 a copy of the foregoing Plaintiff's Response to Defendants' Statement of Undisputed Facts was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Mitchell R. Edwards

#769753-P-v1