IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| MICHAEL O. LEAVITT, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:
DANIEL MERON
General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate
General Counsel for Litigation

CLIFFORD PIERCE
Attorney
U.S. Department
of Health and Human Services

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov
Attorneys for Defendant

## INTRODUCTION

Defendants' arguments on the merits of this case are set forth in their memoranda in support of their motion for summary judgment and in opposition to plaintiff's cross-motion for summary judgment. Pursuant to the Rules of this Court, defendants will not "reargue or expand" their positions, LR Cv 7(b)(2), but will reply here only to those arguments that appear for the first time in plaintiff's opposition to defendants' motion for summary judgment.

## ARGUMENT

### I. PLAINTIFF MISREADS THE RELEVANT REGULATORY LANGUAGE.

Plaintiff's opposition memorandum begins with the erroneous assumption that, "while a resident was 'assigned to' the hospital" (in some global sense), all of his time "must be included" in the full-time equivalent ("FTE") count used for purposes of determining the indirect medical education ("IME") payment, regardless of whether the time "was spent in scholarly activities." Plaintiff's Memorandum in Support of its Opposition to Defendants' Motion for Summary Judgment ("Pl. Opp.") at 1 (emphasis added). Mere assignment to "the hospital," however, is not the legally significant benchmark. The pertinent regulatory language provides that "[f]ull time equivalent status is based on the total time necessary to fill a residency slot," 42 C.F.R. § 412.105(f)(1)(iii)(A) (emphasis added), minus "the proportion of time" when the resident is "assigned to an area of the hospital," id., "other than," id., the "portion of the hospital subject to the prospective payment system.," 42 C.F.R. § 412.105(f)(1)(ii)(A) (emphasis added), or the outpatient department. 42 C.F.R. § 412.105(f)(1)(ii)(B). The central interpretive problem presented here – whether scholarly research that is not subject to the prospective payment system must be said to occur in the "portion of the hospital" that is subject to the prospective payment

system – cannot be finessed merely by pretending that it is "immaterial." Pl. Opp. at 6.[1]

Plaintiff's contention that the Secretary's reading of the phrase "portion of the hospital subject to the prospective payment system," 42 C.F.R. § 412.105(f)(1)(ii)(A), conflicts with the reading of the phrase "areas of the hospital subject to the prospective payment system," 42 C.F.R. § 412.106(a)(1)(ii) (1989), in Alhambra Hospital v. Thompson, 259 F.3d 1071 (9th Cir. 2001), is problematic for two reasons. First, as is explained in defendants' opposition to plaintiff's cross-motion for summary judgment, the Alhambra analysis was subsequently rejected by the superior analysis of the Fourth Circuit Court of Appeals in District Memorial Hospital v. Thompson, 364 F.3d 513 (4th Cir. 2004). The proposition recognized by District Memorial – that it is reasonable to say that the "areas" of the hospital "subject to the prospective payment system" can vary from day to day depending on which areas are being used for services that generate operating costs subject to the prospective payment system and which areas are being used for other purposes – applies equally to the areas of a hospital that comprise the "portion" of the hospital "subject to the

[1] Plaintiff's contention that the Secretary's exclusion of scholarly research from the portion of the hospital subject to the prospective payment system is based on a "mistaken belief that research costs historically have been excluded from the Medicare reimbursement scheme," id. at 11, is mystifying. As defendants explained in their opening memorandum, "[c]osts incurred for research purposes, over and above usual patient care," 42 C.F.R. § 413.5(c)(2), have always been excluded from the reimbursable operating costs of the hospital, id.; 42 C.F.R. § 413.90(a), because research was only considered to be "necessary and proper" in the production of health-care services, 42 C.F.R. § 413.5(a), if it was "conducted in conjunction with, and as a part of, the care of patients." 42 C.F.R. § 413.90(b)(2). That conclusion requires no "complex series of suppositions." Pl. Opp. at 1. It is similarly hard to see any point in plaintiff's observation that the "IME adjustment is not a component of the prospective payment system." Pl. Opp. at 2 (emphasis in original) (capitalizations omitted). As defendants have previously explained, the IME adjustment is an add-on to the payment received by hospitals under the prospective payment system. But it is hardly necessary to "equate the PPS system with the IME payment adjustment," Pl. Opp. at 4, to recognize that the "portion of the hospital subject to the prospective payment system," 42 C.F.R. § 412.105(f)(1)(ii)(A), is the relevant point of reference for determining how the IME adjustment should be computed here.

prospective payment system." The threshold defect in the Alhambra analysis is that it arbitrarily chose the most rigid and inflexible "geographic" connotation, 259 F.3d at 1074, of the phrase "areas of the hospital," without considering whether any other reasonable construct exists, see Dist. Mem'l, 364 F.3d at 518-19, or, for that matter, consulting any dictionary definitions at all.

Even if the Alhambra decision were deemed to be the only reasonable one, however, plaintiff admits that the application of Alhambra to this case would require "[s]ubstituting the word 'portion' for 'areas,'" Pl. Opp. at 9, in the analysis of regulatory language. The words, however, are not synonymous. Plaintiff does not deny that "portion" means "share" or "part of any whole, either separated from or integrated with it," Random House Webster's Unabridged Dictionary 1507 (2d ed. 2001), a definition that does not necessarily have a spatial connotation at all. At the very least, the term is broad enough to encompass the concept that the "portion of the hospital subject to the prospective payment system," 42 C.F.R. § 412.105(f)(1)(ii)(A), consists of that "share" of the hospital which, at any given moment, is being used to generate the "operating costs of inpatient hospital services," 42 U.S.C. § 1395ww(d)(1)(A), that are subject to the prospective payment system. Thus, it can reasonably be said that whatever portion of hospital grounds is being used, at any moment, for scholarly research is not within the portion subject to the prospective payment system, just as it can reasonably be said that the portion of residential property being used, at any moment, by the police or fire department is not within the portion subject to the control of the homeowner at that same moment.[2]

---

[2] It is not clear what legal significance, if any, plaintiff is attempting to attach to its characterization of defendants' summary-judgment memorandum as raising a "new argument which was never made before in the administrative proceedings." Pl. Opp. at 6. But to the extent that plaintiff is trying to say that it is a post-hoc rationalization, suffice it to say that it "does no violence" to principles of administrative law "for an agency to advance a legal argument in support of its administrative position which bolsters rather than duplicates the consistent position

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S "ALTERNATIVE ISSUE."

Plaintiff's alternative theory – that some time identified by the hospital as "research" should be restored to the FTE count because the record shows it was really spent on patient care – merits little additional discussion. When plaintiff argues that a "portion of each resident's research time" was "directly related to patient care," Pl. Opp. at 16,[3] it does not mean that the research was undertaken for the legally-relevant purpose of diagnosing and treating a particular patient. It merely means that the research was related to "patient care" in the generalized sense of having something to do with medicine. Def. Mem. at 18-20; see also A.R. at 172-74 (testimony of plaintiff's director of graduate medical education). And there is certainly a complete lack of any contemporaneous "financial and statistical data and recordkeeping," A.R. at 224, documenting research undertaken for the purpose of the care of any individual patients. Id. at 225-28, 240-41. There was therefore substantial evidence – indeed, overwhelming evidence – to support the Secretary's conclusion that plaintiff did not meet its burden of documentary proof.

Finally, plaintiff's contention that this claim "is not ripe for summary judgment as there appears to be several factual issues in dispute," Pl. Opp. at 16, is frivolous. A court reviewing an

---

upon which its decision was made below." America's Cmty. Bankers v. FDIC, 200 F.3d 822, 836 (D.C. Cir. 2000). This is obviously not a situation "where the agency itself has articulated no position on the question" at all, Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 213 (1988), and "[t]here is simply no reason to suspect that the interpretation" outlined in defendants' memorandum "does not reflect the agency's fair and considered judgment on the matter in question." Auer v. Robbins, 519 U.S. 452, 462 (1997). There is, therefore, "no sense" in which the regulatory interpretation defended in the Secretary's opening memorandum can be dismissed as a "post hoc rationalizatio[n]." Id. (quoting Georgetown, 488 U.S. at 212).

[3] The portions of the record cited by plaintiff, A.R. 2082-2701, are essentially duplicative of the portions cited by defendants, id. at A.R. 508-1090, Def. Mem. 18-20. Much of the same material also appears a third time. A.R. 1319-1705.

agency adjudication "is not generally empowered to conduct a de novo inquiry" to resolve factual disputes. Gonzales v. Thomas, 126 S. Ct. 1613, 1615 (2006) (citations omitted). Rather, it merely reviews whether the administrative record contains (or lacks) "such relevant evidence as a reasonable person might accept as adequate to support" the Secretary's conclusion. Visiting Nurse Ass'n Gregoria Auffant, Inc. v. Thompson, 447 F.3d 68, 76 (1st Cir. 2006) (citations omitted). Thus, where the only question is whether the "decision is support by substantial evidence," there can be no "genuine issue of material fact," Frontier Fishing Corp. v. Evans, 429 F. Supp. 2d 316, 322 (D. Mass. 2006), that could preclude summary judgment. Compare Valley Citizens for a Safe Env't v. Alridge, 886 F.2d 458, 460 (1st Cir. 1989) ("genuine" issue of "material" fact in a record review case can exist only where record contents are disputed).

## CONCLUSION

For the reasons stated, defendants' motion for summary judgment should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

/s/ Peter Robbins
PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov
Attorneys for Defendants

OF COUNSEL:
DANIEL MERON
General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate
General Counsel for Litigation

CLIFFORD PIERCE
Attorney
U.S. Department
of Health and Human Services

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2007, I filed the foregoing document electronically with the ECF system where it is available for viewing and downloading; and caused it to be served on all counsel of record for plaintiff, as follows: by the ECF system to registered participants Mitchell Edwards, Esq. and Robert Flanders, Esq., and pursuant to the prior written agreement of the parties, to Lawrence Vernaglia, Esq. by electronic mail addressed to lvernaglia@foley.com.

/s/ Peter Robbins

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov