IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND HOSPITAL,<br>Plaintiff,<br>v.<br>MICHAEL O. LEAVITT, et al.,<br>Defendants. | Civ. Action No. 06-05 ET |

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION TO STRIKE**

Pursuant to Rule 7(b) of the Civil Rules of this Court, defendants in the above-captioned action hereby object to plaintiff's motion to strike. The grounds for this objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

/s/ Peter Robbins
PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov
Attorneys for Defendants

OF COUNSEL:
DANIEL MERON
General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate
General Counsel for Litigation

CLIFFORD PIERCE
Attorney
U.S. Department
of Health and Human Services

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| MICHAEL O. LEAVITT, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff's motion to strike the five pages of auditing instructions attached to defendants' motion for summary judgment as Exhibit A is more pugnacious than thoughtful. Defendants have no quarrel with the basic propositions that the "focal point for judicial review" of an agency adjudication "should be the administrative record already in existence, not some new record made initially in the reviewing court," Florida Light & Power Co. v. Lorion, 470 U.S. 729, 743 (1985) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)), and that review therefore should generally be limited to "the record the agency presents to the reviewing court." Id. (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971)). However, the prohibition on extra-record materials is not absolute, as plaintiff itself admits. Memorandum of Law in Support of Plaintiff's Motion to Strike ("Pl. Strike Mem.") at 5-6.

It is perfectly permissible, for instance, for the Secretary of Health and Human Services to submit "some explanation" beyond the "bare record" where the material might help "to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard." Overton Park, 401 U.S. at 420. Extra-record evidence of an

"explanatory nature" may be considered, Sierra Club v. Marsh, 976 F.2d 763, 772 (1st Cir. 1992) (citing cases), to assist a court in construing the meaning of "technical" terms, Strahan v. Linnon, 966 F. Supp. 111, 114 (D. Mass. 1997) (quoting Conservation Law Found. v. Clark, 590 F. Supp. 1467, 1475 (D. Mass. 1984)), or "simply to help it understand matters in the agency record," Valley Citizens for a Safe Env't v. Alridge, 886 F.2d 458, 460 (1st Cir. 1989), so long as the material does not create "new rationalizations for the agency's decision." Sierra Club, 976 F.2d at 772.[1] Evidence outside the record may also be submitted to rebut an allegation of "bad faith or improper behavior" on the part of the Secretary. Overton Park, 401 U.S. at 420; see Town of Norfolk v. Army Corps of Eng'rs, 968 F.2d 1438, 1458 (1st Cir. 1992). Both exceptions apply here.

As was explained in the defendants' motion for summary judgment, the issue in this case is whether it is permissible for the Secretary to exclude scholarly research time from the full-time equivalent ("FTE") count used to help calculate the indirect medical education ("IME") adjustment to the Medicare payment received by teaching hospitals under the prospective payment system created by Congress in 42 U.S.C. § 1395ww(d). The relevant regulatory language instructs the Secretary to reduce the count by the "proportion of time," 42 C.F.R. § 412.105(f)(1)(iii)(A), that interns and residents spend while "assigned," 42 C.F.R. § 412.105(f)(1)(ii), outside the "portion of the hospital subject to the prospective payment system." 42 C.F.R. § 412.105(f)(1)(ii)(A). Because scholarly research is not subject to the

---

[1] See, e.g., Massachusetts ex rel. Div. of Marine Fisheries v. Daley, 170 F.3d 23, 28 n.4 (1st Cir. 1999) (approving the"benign use of extra-record evidence" to "explain origins of the data" submitted to agency); Cmty. Housing v. Martinez, 146 F. Supp. 2d 36, 39 n.3 (D. Me. 2001) (allowing extra-record evidence "to clarify the existing administrative record"); Airport Impact Relief, Inc. v. Wykle, 45 F. Supp. 2d 89, 99 (D. Mass. 1999) (approving use of extra-record evidence to "fill out gaps in the administrative record").

prospective payment system, the Secretary takes the position that resident time spent while assigned to the area of scholarly research should be excluded from the count.

In explaining the adjudicatory decision at issue here, the Deputy Administrator of the Centers for Medicare & Medicaid Services stated that the "principles" on which it was based were consistent with § 2405.3.F.2 of the Provider Reimbursement Manual ("PRM"), which states "that a resident must not be counted for the IME adjustment if the resident is engaged exclusively in research." A.R. at 9. The decision goes on to note, in passing, that this position reflects "the Secretary's longstanding policy," id. at 9 n.16, which is now set forth explicitly in 42 C.F.R. § 412.105(f)(1)(iii)(B) as a result of a 2001 rulemaking. In its summary-judgment papers, plaintiff challenges whether the Manual provision can reasonably be construed in this manner, Plaintiff's Memorandum in Support of Its Opposition to Defendants' Motion for Summary Judgment ("Pl. Opp.") at 4-6, and whether, prior to the 2001 clarification, the Secretary had ever really taken a position excluding scholarly research from the count. Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Pl. S.J. Mem.") at 19-21; Pl. Opp. at 11.

The auditing instructions, which are dated 1996, show that the Secretary could and did read the relevant regulations as requiring the exclusion of "research" time because it was not "in the part of the hospital subject to PPS." Hospital and Skilled Nursing Facility Audit Program Exhibit 13, ¶ 9.D, at 13-21-13-22 (1996) (Def. Ex. A). They therefore help explain the Secretary's reading of the relevant regulations and manual provision, and they refute plaintiff's allegation that the Secretary misled the public when he stated that exclusion of research time was a "longstanding" interpretation. 66 Fed. Reg. 39,828, 39,896 (Aug. 1, 2001). The instructions do not bear on any of the underlying facts or hospital records on which the decision turns, nor do they change or expand on the rationale of the decision. They help (albeit to a relatively small

degree) the Court understand the Secretary's regulatory construction, and they refute the allegation that the Secretary's position on the issue was something new in 2001. These are perfectly permissible uses of extra-record evidence.[2]

The two decisions on which plaintiff relies are not to the contrary. In Frontier Fishing Corp. v. Evans, 429 F. Supp. 2d 316 (D. Mass. 2006), the court declined to permit a plaintiff to supplement the record with a document that purported to establish, as factual matter, the time at which an event occurred, id. at 324-26, on the ground that the court "should have before it neither more nor less information than did the agency when it made its decision." Id. at 324 (quoting Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1993)) (emphasis added). Similarly, in Harvard Pilgrim Health Care v. Thompson, 318 F. Supp. 2d 1 (D.R.I. 2004), the court merely denied a motion to conduct discovery into factual "information," outside the administrative record that presented "new arguments not raised before the administrative agency." Id. at 11. These cases are inapposite here for three reasons. First, the Secretary obviously knew what auditing directions he had given to fiscal intermediaries at the time of the Deputy Administrator's decision. Second, the auditing instructions add no factual information to the case. Third, they add no legal argument or rationale. See Pl. S.J. Mem. at 12 (conceding that the Deputy Administrator's decision was based on the legal "conclusion that the residents in question were not assigned to the areas of the hospital subject to the [prospective payment system] or to an outpatient department of the hospital") (quoting A.R. at 10). The 1996 auditing instructions merely reflect the same understanding of the meaning of the regulations and manual

[2] Contrary to plaintiff's view, Pl. Strike Mem. at 4, the outcome of the administrative hearing obviously did not depend on the extent of the fiscal intermediary's personal knowledge of the auditing instructions.

provisions at issue. Moreover, nothing in Frontier Fishing or Harvard remotely supports the proposition that a plaintiff can accuse the Secretary of misleading the public with regard to his "longstanding" position, 66 Fed. Reg. at 39,896, while at the same time moving to strike the evidence that proves the allegation is utterly baseless. Plaintiff should not be allowed to impugn the integrity of public officials and then ask this Court to ignore a document that disproves the allegation.[3]

## CONCLUSION

For the reasons stated, plaintiff's motion to strike should be denied.

Respectfully submitted,

OF COUNSEL:
DANIEL MERON
General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate
General Counsel for Litigation

CLIFFORD PIERCE
Attorney
U.S. Department
of Health and Human Services

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

/s/ Peter Robbins
PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov
Attorneys for Defendants

[3] Plaintiff cites no authority for the proposition that the "appropriate" method for submitting extra-record evidence in support of a motion for summary judgment is to file a motion for leave to file it, Pl. Strike Mem. at 6 n.1, but to the extent such a motion is necessary, defendants respectfully request that this opposition be treated as such.

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2007, I filed the foregoing document electronically with the ECF system where it is available for viewing and downloading; and caused it to be served on all counsel of record for plaintiff, as follows: by the ECF system to registered participants Mitchell Edwards, Esq. and Robert Flanders, Esq., and pursuant to the prior written agreement of the parties, to Lawrence Vernaglia, Esq. by electronic mail addressed to lvernaglia@foley.com.

/s/ Peter Robbins

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov