**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| | ) | |
| MICHAEL O. LEAVITT, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**REPLY TO DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff, Rhode Island Hospital ("RIH"), submits this reply to the defendants' opposition to RIH's motion to strike Exhibit A to defendants' motion for summary judgment.

## I. ARGUMENT

**The Court should not consider Exhibit A because the Court must limit its review to the existing administrative record.**

The "focal point of judicial review under the [Administrative Procedures Act] is the administrative record already in existence and not a new record made by the reviewing court." *Harvard Pilgrim Health Care of New England v. Thompson, et al.*, 318 F.Supp.2d 1, 8 (D.R.I. 2004) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). "The requirement that federal courts base their review solely on the administrative record serves to limit the courts to their proper role." *Id.* at 9. "The First Circuit has characterized this task as requiring a 're-view, a second look at the same material, not a re-doing.'" *Id.* (emphasis added).

The two limited exceptions to the general rule that parties are not permitted to supplement the administrative record do not apply to Exhibit A. Exceptions that may allow a party to supplement the administrative record are narrowly-construed and the party requesting to supplement the administrative record bears a heavy burden of showing that it is necessary. *See Harvard Pilgrim*, 318 F.Supp.2d at 9. The "two limited exceptions to the rule against record supplementation exist: (1) when there is a 'strong showing of bad faith or improper behavior', and (2) when there was such a 'failure to explain administrative action as to frustrate effective judicial review.'" *Frontier Fishing Corp. v. Evans*, 429 F.Supp.2d 316, 324 (D.Mass. 2006) (collecting cases and internal citations omitted). Neither of these exceptions applies to Exhibit A.

While some courts have allowed extra-record evidence in other settings, "[t]he First Circuit has not adopted this list." *Id.* In addition, those cases occurred "in the context of judicial review of informal agency actions, as opposed to the review of a defined record created by a formal administrative adjudication." *Id.*

Here, Exhibit A will not assist the Court in "explaining" the CMS Administrator's decision or any "technical" portion of the record. There is nothing ambiguous or unclear about the Administrator's decision. The CMS Administrator could have relied upon Exhibit A in its decision but it did not do so. There is also nothing so technical about the Administrator's decision or the underlying record that frustrates judicial review, which might compel the Court to go outside the administrative record.

The defendants also have not demonstrated the requisite "bad faith" or "improper behavior" on the part of RIH that might allow for the use of extra-record evidence. In an attempt to bring Exhibit A into one of the limited exceptions, the defendants' objection

misconstrues Exhibit A as a response to RIH allegedly "impugn[ing] the integrity of public officials." Nonsense. The integrity of public officials is not "impugned" every time a citizen voices disagreement with a public official's decision. If this were so, administrative agencies would be permitted to flood court with extra-record evidence every time a citizen appeals an administrative decision. That result is entirely inconsistent with the limited scope of judicial review under the Administrative Procedures Act.

The defendants seek to supplement the record with Exhibit A to contradict evidence contained in the administrative record regarding cost reporting instructions. Accordingly, Exhibit A is extra-record evidence that the Court should not consider part of the administrative record. Otherwise, the defendants would be allowed to take advantage of post hoc rationalizations. *See Frontier Fishing*, 429 F.Supp.2d at 324.

## II. CONCLUSION

For the reasons set forth in Rhode Island Hospital's memorandum in support of motion to strike Exhibit A to defendants' motion for summary judgment and this reply, the Court should grant Rhode Island Hospital's motion to strike.

RHODE ISLAND HOSPITAL

By its counsel,

/s/Robert G. Flanders, Jr.
Robert G. Flanders, Jr. (#1785)

Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)
rflanders@haslaw.com
medwards@haslaw.com

Lawrence W. Vernaglia (admitted *pro hac*)
Foley & Lardner LLP
111 Huntington Ave.
Boston, MA 02199
(617) 342-4079
(617) 342-4001 (facsimile)
lvernaglia@foley.com

Dated: January 30, 2007

**CERTIFICATION**

I hereby certify that on January 30, 2007 a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Robert G. Flanders, Jr.