IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, et al.,<br><br>Defendants. | Civ. Action No. 06-05 ET |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

At the hearing of April 19, 2007 on the parties' cross-motions for summary judgment, the Court asked defendants to identify sources of federal funding available to teaching hospitals for the purpose of conducting scholarly research that is not directly related to the care of individual patients. This supplemental memorandum respectfully responds to that question in more detail.

Medicare regulations mandate that "[c]osts incurred for research purposes, over and above usual patient care, are not includable as allowable costs," 42 C.F.R. § 413.90(a), because scholarly research, however beneficial to society in general, is not necessary for the efficient delivery of health-care services needed by individual Medicare patients.[1] The regulations go on to state as follows:

> There are numerous sources of financing for health-related research activities. Funds for this purpose are provided under many Federal programs and by other tax-supported agencies. Also, many foundations, voluntary health agencies, and other private organizations, as well as individuals, sponsor or contribute to the

[1] See Defendants' Memorandum in Support of Their Motion for Summary Judgment at 2-3, 15 (Doc. 13); Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment at 6, 14 (Doc. 20).

> support of medical and related research. Funds available from such sources are generally ample to meet basic medical and hospital research needs.

42 C.F.R. § 413.90(b). Most federal support for medical research is funded by the National Institutes of Health. According to its website, the agency awarded 46,797 research grants totaling more than $2.9 billion in fiscal year 2006.[2] The Centers for Disease Control also provide funding for medical research through grants and cooperative agreements for which researchers at teaching hospitals may apply.[3]

The availability of research-related funding outside the prospective payment system created by Congress for acute-care hospitals in 1983, 42 U.S.C. § 1395ww(d), lends further support to the position of the Secretary of Health and Human Services in this action. As defendants have previously explained, scholarly research is not one of the "operating costs of inpatient hospital services," 42 U.S.C. § 1395ww(d)(1)(A), that are funded through the prospective payment system. It reasonably follows that, when students doctors are assigned to the area of scholarly research, they are not assigned to the "portion of the hospital subject to the prospective payment system," 42 C.F.R. § 412.105(f)(1)(ii)(A), and the proportion of time spent on scholarly research may be excluded from the time necessary to fill a residency slot, 42 C.F.R. § 412.195(f)(1)(iii)(A), when computing the "indirect medical education" ("IME") payment at issue. This analysis is also consistent with the purpose of the IME payment, which is to compensate teaching hospitals for inefficiencies in the delivery of inpatient hospital services that are presumed to occur as an "indirect" consequence of the "involvement" of student doctors in

---

[2] http://grants1.nih.gov/grants/award/research/rgmechtype06.htm.

[3] http://www.cdc.gov/od/science/PHResearch/funding.htm.

"patient" care, H.R. Conf. Rep. No. 105-217 at 816 (1997), as reprinted in 1997 U.S.C.C.A.N. 176, 437, not the involvement of student doctors in medical education per se. The direct costs of graduate medical education, including the costs attributable to the research-related portions of the educational program, are paid for separately under 42 U.S.C. § 1395ww(h).

Respectfully submitted,

OF COUNSEL:
DANIEL MERON
General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate
General Counsel for Litigation

CLIFFORD PIERCE
Attorney
U.S. Department
of Health and Human Services

PETER D. KEISLER
Assistant Attorney General

ROBERT CLARK CORRENTE
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

/s/ Peter Robbins
PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 22, 2007, I filed the foregoing document electronically with the ECF system where it is available for viewing and downloading; and caused it to be served on all counsel of record for plaintiffs, as follows: by the ECF system to registered participants Mitchell Edwards, Esq. and Robert Flanders, Esq., and pursuant to the prior written agreement of the parties, to Lawrence Vernaglia, Esq. by electronic mail addressed to lvernaglia@foley.com.

/s/ Peter Robbins

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: peter.robbins@usdoj.gov