**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 06-05 ET |
| MICHAEL O. LEAVITT, *et al.*, | ) | |
| Defendants. | ) | |

## RESPONSE TO DEFENDANTS' NOTICE OF RECENT DECISION

The Plaintiff, Rhode Island Hospital ("RIH"), submits the following response to the Defendants' Notice of Recent Decision filed on June 22, 2007. The Defendants have requested the Court to take notice of a recent decision issued by the United States Supreme Court in *Long Island Care at Home, Ltc. v. Coke*, 127 S. Ct. 2339 (2007) ("*Long Island*"). According to the Defendants, this decision provides support for its position that deference is owed to the Secretary's interpretation of the Medicare statute and regulation at issue in this case. The Defendants suggest that the Supreme Court in *Long Island* refused "to rely on inferences from legislative history to narrow the range of interpretation that was found to be permissible on the face of the statute." Defendants' Notice of Recent Decision at p. 1 (citing *Long Island*, 127 S. Ct. at 2346-47).

The Supreme Court's analysis in *Long Island*, however, is not applicable to the governing statute and regulation at issue in this case. First, in *Long Island*, the Court faced a statute in which Congress expressly left a gap to be filled by a regulation, and the agency, the Department of Labor, filled the gap through rulemaking. In *Long Island*, the third party regulation at issue

had already been promulgated through notice and comment rulemaking, in effect for 20 years, and, as the Court noted, the Department of Labor had "focused fully upon the matter in question." *Long Island*, 127 S. Ct. at 2346. Here, Congress left no such gap to fill, and the agency, the Centers for Medicare & Medicaid Services ("CMS"), did not even attempt to add in its new reading of the statute by regulation until 2001, over four years after the events in question occurred.[1] Thus, even if there had been a gap in the Medicare indirect medical education ("IME") statute, CMS did not attempt to fill it until after the fact.

Second, the Fair Labor Standards Act of 1938 ("FLSA") at issue in *Long Island* was not nearly as clear as the IME statute. In fact, the vague statutory language fairly invited the Department of Labor to further define the minimum wage and maximum hours rules because, as the Court found, the statute covered some third-party workers but not others. *Long Island*, 127 S. Ct. at 2347. Indeed, the Court concluded that the "the text of the FLSA does not expressly answer the third-party employment question." *Id.* That is not the case here. The controlling IME statute plainly sets forth the formula for calculating a Medicare participating hospital's IME payment adjustment and it directed the Secretary to provide an IME adjustment "in an amount computed in the same manner as the adjustment for such costs," which was in effect as of January 1, 1983. 42 U.S.C. § 1395ww(d)(5)(B). This statutory formula expressly provides that *all* resident time in a portion of the hospital subject to the prospective payment system should be included in calculating a hospital's IME adjustment factor. Further, the regulation in effect in 1996 did not exclude from the full-time equivalent count resident research time that was unrelated to direct patient care. *See* 42 C.F.R. § 412.105(g) (1996). Thus, the Court in *Long Island* was addressing a very different and, evidently ambiguous, statute – as opposed to the unambiguous statute and regulation at issue in this case.

---

[1] *See* Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment at pp. 20-21.

Third, the Court's decision *does not support* the Defendants' contention that the *Long Island* case shows "the Court's refusal to rely on inferences from legislative history to narrow the range of interpretation" of the statute. *Long Island* says nothing of the sort. Indeed, the Court in *Long Island* expressly *considered* the legislative history, though finding that there was no "clear answer." *Long Island*, 127 S. Ct. at 2347.[2] Again, that is not the case here. The legislative history of the IME statute shows that Congress created the IME resident-to-bed ratio to serve as proxy for actual IME costs relating to the hospital's "teaching intensity." Thus, the IME statute unambiguously accomplishes what Congress intended it to do. Unlike the statute in *Long Island*, in this case, Congress "has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842-43. The FLSA statute and legislative history, on the other hand, did not evidence Congress' intent. Thus, the Court in *Long Island* did not disregard the legislative history in determining whether an agency's interpretation is reasonable.

Therefore, for these reasons, RIH respectfully submits that the Supreme Court's decision in *Long Island* is irrelevant to the standard of review to be applied to the legal question presented in this case and should not be considered by the Court in adjudicating the parties' cross-motions for summary judgment.

[2] Moreover, the Court in *Long Island* was considering comments during floor debates, unlike the Committee Reports which, in the instant case, unambiguously support the plain language of the Statute.

RHODE ISLAND HOSPITAL

By its counsel,

/s/ Robert G. Flanders, Jr.
Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)
rflanders@haslaw.com
medwards@haslaw.com

Lawrence W. Vernaglia (admitted *pro hac*)
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4079
(617) 342-4001 (facsimile)
lvernaglia@foley.com

Dated: June 28, 2007

**CERTIFICATION**

I hereby certify that on June 28, 2007, a copy of the foregoing Response to Defendants' Notice of Recent Decision was filed electronically to the following counsel:

Peter Robbins, Esq.
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC 20530

/s/ Robert G. Flanders, Jr.

#813011